# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

_____        Case No.

Boban Jovanovic )        COMPLAINT FOR DAMAGES

**Plaintiff** )        AND DEMAND FOR JURY  TRIAL

      **vs.** )**1.**  Fraud, Misrepresentation and Deceit and Conspiracy to Defraud  and Conspiracy to

Mr. Donald Wilhelm )Fraudulently misrepresent the truth and Conspiracy to Deceit

US Algeria Business Council )

      **2.**   Tortuous Interference with Economic

Arab Banking Corporation, ) Relations and Tortuous Interference with Contractual Relations and Tortuous Interference

Burlington Resources, ) with Prospective Business Advantage and Conspiracy to Tortuously Interfere with

Gulf Keystone, )Economic relations, Conspiracy to Tortuously interfere with Contractual Relations and

Peggy Hewinson, )Conspiracy to Tortuously Interfere with Prospective Business Advantage

Ali Jazzairy, )

      **3.** Intentional Infliction of Emotional Distress,

James Bailey, )and Conspiracy to Inflict Emotional Distress

Lamine Djilani, )

Ismael Chicoune, )

    .

Elisabeth Lord Stewart )

John Doe's )

**Defendants** )

_____

_____

## COMPLAINT

Comes now Plaintiff, Boban Jovanovic to allege against the defendants, jointly and severely, as follows:

### I.  PARTIES

1. Plaintiff Bob Jovanovic is a US Citizen, domiciled in the State of New Jersey, an owner of certain technology and know how for manufacturing of decorative Glass and Cultured marble products. Plaintiff Jovanovic also owns proprietary know-how for development of Transportation and other major Infrastructure projects based on Build Operate Transfer/ Public Private Partnership (BOT/PPP) development architectures for major infrastructure projects.

2. Defendant United States – Algeria Business Council (US-ABC) is an International business council, constituted in September 2002, as a District of Columbia 501(c)(4)/(6) non-profit corporation, for the purpose of developing closer economic and political ties between Countries of United States and Algeria. Since its inception, US-ABC had and still has substantial business activities and general presence in Washington DC, and thus District of Columbia, through various official events, business conferences, its board of Director meetings other official and non-official venues.

3. Defendant Arab Banking Corporation is an International banking institution, one of founding members of United States – Algeria Business Council (US-ABC) and a member of the Board of US-ABC with general presence in District of Columbia as a result of its constant activity in DC as part of Governance of US-ABC as well as its constant participation, in regularly scheduled US-ABC Business and political programs, which both were and are still mostly held in Washington DC.

4. Defendant Burlington Resources is a US Corporation, one of founding members of United States – Algeria Business Council (US-ABC) and a member of the Board of US-ABC, with general presence in District of Columbia as a result of its constant activity in DC as part of Governance of US-ABC as well as its constant participation,

in regularly scheduled US-ABC Business and political programs, which both were and are still mostly held in Washington DC.

5.  Defendant Gulf Keystone is an International corporation and a member of the Board of US-ABC, with general presence in District of Columbia as a result of its constant activity in DC as part of governance of US-ABC as well as its constant participation, in regularly scheduled US-ABC Business and political programs, which both were and are still mostly held in Washington DC.

6.  Defendant Donald Wilhelm is an individual, with general presence in District of Columbia as a result of his constant activity in DC as part of his and or his at the time employers governance of US-ABC as well as his constant participation, in regularly scheduled US-ABC Business and political programs, which both were and are still mostly held in Washington DC.

7.  Defendant Peggy Hewinson is an individual, employed in DC by Northrop Grumman Corporation, and with general presence in District of Columbia in year 2004, as a result of her present employment and her individual and or other year 2004 constant activity in DC while individually and or otherwise assisting and or aiding or abetting individual defendant Donald Wilhelm and or Northrop Grumman in their Governance of US-ABC. In year 2004 defendant Hewinson constantly participated in regularly scheduled US-ABC Board meetings and or Business and political programs, which both were and are still mostly held in Washington DC.

8.  Defendant Ali Jazzairy is an individual who is a son of ancient Algeria Ambassador to United States and has general presence in DC as he resided in DC in year 2004, and still resides in Washington DC.

9.  Defendant James Bailey is an individual and a licensed attorney in District of Columbia, who has acted or is still acting as a corporate Counsel and a corporate Secretary for US-ABC with general presence in DC, as his offices are located in Washington DC.

10. Defendant Lamine Djilani is an individual who has acted and or is still acting as Vice-Chairman for US-ABC, with general presence in District of Columbia as a result of his

constant activity in DC as part of governance of US-ABC as well as his constant participation, in regularly scheduled US-ABC Business and political programs, which both were and are still mostly held in Washington DC.

11. Defendant Ismael Chicoune is an individual who is employed as a President of US-ABC with general presence in District of Columbia as a result of his constant activity in DC as part of Governance of US-ABC as well as his constant participation, in regularly scheduled US-ABC Business and political programs, which both were and are still mostly held in Washington DC.

12. Defendant Elisabeth Lord Stewart is an individual who is employed as an operations manager with US-ABC with general presence in District of Columbia as a result of her constant activity in DC as part of governance of US-ABC as well as her constant participation, in regularly scheduled US-ABC Business and political programs, which both were and are still mostly held in Washington DC.

## II.   RELATED ACTIONS

13. This case stems from a Federal District Court of New Jersey case 05-CV-4487 (DMC)

14. Plaintiff Boban Jovanovic is also a plaintiff in Federal New Jersey District 05-CV-4487 (DMC) case.

15. Defendants in New Jersey case are (1) Northrop Grumman Corporation, (2) Mr. Donald Wilhelm, (3) Ms. Peggy Hewinson, (4) US Algeria Business Council, (5) Sonatrach Corporation, (6)Halliburton Corporation (7) Boeing Corporation,(8) Anadarko Corporation, (9) Lockheed Martin (10) Amerada Hess Corporation,(11) Pfizer Corporation, (12) Tractabel Corporation (13) Textron Corporation, (14) Red-Med Corporation,(15)  British Petroleum Corporation, (16) Arab Banking Corporation, (17) Air Products Corporation, (18) Raytheon Corporation, (19) General Electric Corporation, (20) Gulf  Keystone Petroleum Corporation, (21) Burlington Resources Corporation, (22) Mr.Lamine Djilani, (23)Mr.Ali Djazairy, (24)Mr.Jim Bailey, (25) Dr. Ismael Chikhoune and (26) Ms.Elizabeth Lord Stewart.

16. District Judge in New Jersey case 05-CV-4487 (DMC) ruled on April 27,2005 and May 01, 2005 (respectfully) that Federal District Court of New Jersey did not have

4

Jurisdiction as to corporate and individual defendants (1) United States-Algeria Business Council (US-ABC), (2) Arab Banking Corporation, (3) Burlington Resources and (4) Gulf Keystone Corporation, (5) Donald Wilhelm, (6) Peggy Hewinson, (7) Ali Jazzairy, (8) James Bailey, (9) Lamine Djilani, (10) Ismael Chicoune and (11) Elisabeth Lord Stewart.

17. Plaintiff timely filed an appeal as all District Court Judges orders on November 14,2006 This appeal is now pending before the Federal Court of Appeals for the Third Circuit under case number 06-3566.

### III.  JURISDICTION AND VENUE

18. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332, this being an action arising between parties domiciled in different states and foreign countries with the amount in controversy in excess of $75,000.

19. Venue is proper in the District of Columbia, pursuant to 28 U.S.C. § 1391(a)(2) where a Jurisdiction is founded in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred

20. Venue is proper in the District of Columbia, pursuant to 28 U.S.C. § 1391(a)(3) where a Jurisdiction is founded in a judicial district in which any defendant is subject to jurisdiction at time the action is commenced.

### IV.  FACTUAL ALEGATIONS

#### a.  Plaintiff Jovanovic owns certain technology and know how

21. Plaintiff Jovanovic owns certain proprietary know-how for development of major Transportation and other Infrastructure projects based on a Build Operate Transfer/Public Private Partnership concept (BOT/PPP).

22. Plaintiff Jovanovic also owns certain patents, technology and proprietary manufacturing know how for manufacturing decorative glass product line.

23. Plaintiff Jovanovic also owns rights to certain know-how for manufacturing Cultured stone product line.

24. Plaintiff Jovanovic is further also a shareholder an Honorary President and as per special need an acting President of Genesis International Holdings ltd., (from now on "Genesis"), a US, Delaware corporation.

      **b.**  <u>**Background of certain relevant business, economic and other relations.**</u>

25. July 2000 Mr.Sasha Jovanovic, a nephew of plaintiff Jovanovic, constituted a US Delaware legal entity under the name Genesis International Holdings ltd, (Genesis) where plaintiff Mr.Bob Jovanovic is a shareholder who enters into certain Economic relationship with his nephew.

26. May 2003, Algeria Government and Genesis executed an official LOI agreement, through which:

      c.  Algeria Government and Genesis entered into a "Public Private Partnership", for the development and operation of the Algeria Government/Genesis Algeria East-West Highway (from now on PPP) through which both entities agree to jointly cooperate in developing a detailed BOT project architecture solution for Algeria East –West Highway system and ultimately enter into a 30 year concession agreement for construction and operation of same.

      d.  Algeria Government granted Genesis the right to act on behalf of Algeria Government in a "CENTRAL PROJECT MANAGEMENT" capacity, in all PPP activities related to development of detailed BOT project architecture solution for Algeria East-West Highway system.

27. From May 2003-September 2004, Genesis acted in its "CENTRAL PROJECT MANAGEMENT CAPACITY" where:

      e.  Genesis constituted necessary legal entity IIC, which was destined to act as an Algeria East-West Highway, project company.

      f.  Genesis and Algeria Government jointly scheduled, sponsored and held Algeria East-West project international conference in Washington DC.

g.  Genesis and Algeria Government jointly negotiated and drafted a certain legal and non legal documents, including drafting of the concession agreement for Algeria East-West project, etc.

h.  Genesis and Algeria Government entered into certain agreements and or economic relations with plaintiff Jovanovic.

### c.  Plaintiff Jovanovic owns certain expressed agreements, economic relations and prospective business advantage

28. June 2000 plaintiff Mr.Bob Jovanovic, (in his individual capacity), entered into following expressed Licensing agreement/contract and economic relations, with a Tunisian entity, named Sotrama, to :

i.  Transfer technology, construct, operate and manage a Cultured stone and Decorative glass Manufacturing Plants and its manufactured products distribution network, in the country of Algeria and elsewhere.

ii.  Exclusively own and market sub-licensing rights which allow plaintiff Jovanovic to sell and manage six additional Sotrama manufacturing plants in the Country of Algeria. (valued at $2.1 Million each)

29. Sotrama Agreement/Contract also provided certain rights and obligations to plaintiff Jovanovic through which plaintiff Jovanovic had certain economic relationships with SOTRAMA and expected to enter into additional expressed agreements in Algeria and as a result enjoyed a prospective Business Advantage.

30. May 2003 Algeria Government and Genesis, individually and through their PPP entered into an expressed agreement and Economic relationships with plaintiff Jovanovic, through which plaintiff Jovanovic enjoyed certain prospective Business advantage.

31. May 2003 Genesis, in its LOI granted capacity as "CENTRAL PROJECT MANAGEMENT" entity, acts on behalf of Algeria Government and Genesis

7

itself, and executes an expressed  agreement with plaintiff Jovanovic, through which Algeria Government/Genesis PPP and plaintiff Jovanovic expressly agree:

iii. That plaintiff Jovanovic will transfer his proprietary know-how, for development of major BOT/PPP projects, to Algeria Government and Genesis, the PPP, thus enabling Genesis and Algeria Government PPP to structure and finalize development of BOT/PPP architecture for Algeria East-West Highway system.

iv. That, as payment for plaintiff Jovanovic services, Algeria Government and Genesis, individually and or through their PPP, agreed to compensate plaintiff Jovanovic for transfer of his know-how, and his other services by:

1. Granting plaintiff Jovanovic 8% ownership in Algeria East-West Highway Concession agreement. (Algeria East West-Highway project).

2. Granting plaintiff Jovanovic the exclusive right to develop the architecture, and management, for management and oversight of Algeria East-West Toll Highway, as part of its 30 year Toll Road Concession operation.

3. Granting plaintiff Jovanovic a right to individually act as an exclusive supplier of all required cultured stone and decorative glass (Sotrama) materials used in construction of Algeria East-West Highway project rest areas, such as Hotels, Retail Shopping Centers, etc.

4. Compensating plaintiff Jovanovic for all his time, while individually assisting Algeria/Genesis PPP in development of East-West project architecture, in monetary and other compensation.

**d.   Plaintiff Jovanovic, Genesis and Algeria Government jointly ascend towards execution of formal Algeria East-West Highway Concession agreement.**

32. From January 2003 and until September 2004, plaintiff Jovanovic, Algeria Government and Genesis jointly perform all agreed to activities (except final act of executing the East-West project Concession agreement) as part of their joint agreement to finalize the architecture for Algeria East-West Highway system and enter into a 30 year Concession agreement for said highway system.

### e.  Defendant United States-Algeria Business Council (US-ABC) is Godfathered by Algeria Ambassador to United States

33. February 2002, Defendant US-ABC is godfathered and promoted by Algeria Ambassador to United States, Mr.Idriss Jazzairy, who is subsequently invited (in September 2002), by US-ABC to be an honorary President of US-ABC.

34. September 2002, Ambassador Jazzairy accepts the invitation by US-ABC and is during its first Board meeting officially named an Honorary President of US-ABC.

35. US-ABC is formed as an International Business Council and constituted for the purpose of achieving closer political and economic relationships between countries of Algeria and United States.

36. Boban Jovanovic individually and or jointly with his company Genesis International Holdings is invited by Algeria Government as one of founding Board of directors members of US-ABC.

37. Additional invited founding members of US-ABC are comprised by some of most major US and Algerian, Defense, Aero Space, Engineering, Pharmaceutical and Petrol companies the like of Northrop Grumman, Raytheon, Halliburton, Pfizer, BP Petroleum, Sonatrach, etc.

38. US-ABC is constituted to act as a supporting umbrella organization for US-ABC members, designed to provide its members the ability to achieve unprecedented access to major Infrastructure business opportunities in Algeria through direct interaction at highest Ministerial levels of Algeria Government, as well as with His Excellency, Algeria President Mr.Abdelaziz Bouteflika.

**f. Plaintiff Jovanovic is one of founding members of US-ABC Board of Directors.**

**39.** September 2002, Bob Jovanovic becomes a member of Board of Directors of US-ABC.

**g. US-ABC is fraudulently constituted as a non-profit Social Welfare organization**

**40.** In September 2002, defendant US-ABC is officially constituted as a District of Columbia corporation.

**41.** In September 2002, US-ABC approves its first By-Laws, and is fraudulently and illegally enacted and or registered with District of Columbia Government, as a qualified, non profit, 501(c)(4) Social Welfare Organization.

**42.** In September 2002, Plaintiff Jovanovic was unaware that US-ABC 501(c)(4), and subsequently 501(c)(6) non-profit status filings, were in fact fraudulent representations of US-ABC activities to District of Columbia Government and other John Doe's.

**h. US-ABC obtains knowledge of existence of certain plaintiff Jovanovic individual Algeria based agreements.**

**43.** September 2002 During first US-ABC Board meeting plaintiff Jovanovic officially and unofficially presents to US-ABC, its members and or other participating individuals and entities, his individual business activities as to his individual construction materials sub-licensing and construction materials distribution business in Algeria.

**44.** June 2003, Genesis co-sponsors a Washington DC based Algeria East-West project conference, during which plaintiff Mr.Jovanovic is a key speaker, who officially and unofficially presents to US-ABC, its members and other participating individuals and entities, his individual business activities as to Algeria East-West project and its supporting construction materials sub-licensing and distribution business in Algeria.

**45.** September 2003, US-ABC sponsors a dinner for Algeria President Mr.Abdelaziz Bouteflika, in New York City, during which Mr.Bob Jovanovic officially as a key note speaker, officially and unofficially presents to Algeria President, US-ABC, its members, and other participating individuals and entities, his individual business activities as to Algeria East-West project and construction materials sub-licensing and distribution business in Algeria.

### i. **US-ABC Lawyer acknowledges certain anomalies within US-ABC By-Laws as to election of US-ABC Officers**

**46.** September 2002, Article III, section 4, "Voting Rights" of US-ABC By-Laws, directs that "each individual member is entitled to one vote on each matter submitted to a vote of the members".

**47.** September 2002, Article III, section 7, "Notice of Meetings", of US-ABC By-Laws, direct that "a notice of any (Election) meeting shall be delivered to all US-ABC members, no less than fifteen (15) days and no more than forty (40) days before such meeting".

**48.** September 2002, Article III, section 2, "Qualification of members", of US-ABC By-Laws, directs that "lack of timely payment of membership dues" suspends membership right to participate in governance of the council (where council governance right, include voting rights in US-ABC officers elections)

**49.** December 2004, US-ABC Lawyer, defendant Mr.James Bailey warns than Chairman of US-ABC Mr.Zapanta that US-ABC By-Laws contain "several anomalies" with regard to election of officers" and accepts blame for drafting of same.

### j. **US-ABC Conspires and holds March 31,2004 Fraudulent elections**

**50.** February 2004, US-ABC schedules an electronic election, intended to elect new US-ABC Chairman and a new slate of US-ABC officers.

**51.** March 2004, US-ABC fraudulently noticed, only 26 out of 57 US-ABC members of scheduled March 2004, US-ABC officers election.

   a. US-ABC By-Laws Article III, section 7, required that all 57 members must be noticed of March 2004, scheduled US-ABC officer's election.

**52.** March 2004, US-ABC, held a fraudulent election for new US-ABC Chairman and new US-ABC slate of officers.

**53.** March 2004, defendants Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, James Bailey and Lamine Djilani**, aided and abetted**

**defendant** US-ABC in holding fraudulent election for new US-ABC Chairman and new slate of US-ABC officers.

**54.** March 22,2004 US-ABC fraudulently announced that (a) 17 legal votes were cast and that (b) said 17 out of 57 votes constituted a required majority, necessary under US-ABC By-Laws to win the election.

    a. As per Article III, section 2, of US-ABC By-Laws, four out of seventeen eligible US-ABC members, were not legally qualified to vote in March 2004, US-ABC officer's election as each failed to make timely payment for their US-ABC membership dues, as required in US-ABC By-laws.

**55.** March 20, 2004 US-ABC fraudulently announced that Northrop Grumman/Mr.Donald Wilhelm (new US-ABC Chairman) and their team have won the election.

**56.** March 31,2004, defendants Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, James Bailey and Lamine Djilani**, aided and abetted defendant** US-ABC, and John Doe's when US-ABC  fraudulently announced, during an official US-ABC Board meeting that Northrop Grumman, Donald Wilhelm and their slate of Officers have won the election and are the new Chairman and Officers of US-ABC.

    **k.   US-ABC fraudulently ratifies March 31,2004 Fraudulent election**

**57.** June 2004, defendants Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, James Bailey and Lamine Djilani**, aided and abetted defendant** US-ABC and certain John Doe's and ratified fraudulent March 31, 2004 US-ABC election results.

    **l.   Conspiracy to draft, execute and forward September 14,2004 fraudulent Letter to plaintiff Jovanovic and Algeria Government**

**58.** September 2004, **defendant US-ABC** conspired, drafted and or wrote and or executed and or forwarded fraudulent September 14, 2004 US-ABC letter to plaintiff Jovanovic, Genesis, Algeria Government and certain John Does.

**59.** September 2004 **defendant US-ABC** conspired (within DC and or other jurisdictions) with and aided and or abetted **defendants Donald Wilhelm, Arab Banking**

**Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart and certain John Doe's and jointly** drafted, <u>within District of Columbia</u>, and or wrote and or forwarded fraudulent September 14, 2004 letter, to plaintiff Jovanovic, Genesis, Algeria Government and certain John Does.

60. From January , 2004 until September 15,2004 **defendants US-ABC, Arab Banking Corporation, Burlington Resources, Gulf Keystone, James Bailey, Lamine Djilani, and certain John Doe's** conspire(within DC and or other jurisdictions) and aid and abet **individual defendants Donald Wilhelm, defendant US-ABC and certain John Doe's to** **(a)** fraudulently hold March 2004 US-ABC election  and through which **(b)** to fraudulently enable Donald Wilhelm, individually and or as the agent of Northrop Grumman to win March 2004, US-ABC officers election as new Chairman of US-ABC and **(c)** to fraudulently enable and or empower Donald Wilhelm to individually and or as agent of Northrop Grumman continuously fraudulently act in the capacity of Chairman of US-ABC. and **(d)** to fraudulently enable and or empower Donald Wilhelm to, individually and or as agent  of Northrop Grumman and or as Chairman of US-ABC execute fraudulent September 14,2004 letter and forward said letter to Algeria Government, plaintiff Jovanovic, Genesis  and certain other John Doe's.

61. September 2004, **defendant Donald Wilhelm**, in (a) his individual capacity and or (b) in his capacity as (illegal) Chairman of US-ABC), and or (c) in his capacity as Vice President and agent of Northrop Grumman, or in all (a)-(c) capacities as alleged within this paragraph, drafted and or wrote and or executed and or forwarded fraudulent September 14, 2004 US-ABC letter to plaintiff Jovanovic, Genesis, Algeria Government and certain John Does

62. September 2004, individual **defendant Donald Wilhelm**, in (a) his individual capacity and or (b) in his capacity as (illegal) Chairman of US-ABC), and or (c) in his capacity as Vice President and agent of Northrop Grumman, or in all (a)-(c) capacities as alleged within this paragraph conspired with (within DC and or other jurisdictions) and aided and abetted **defendants US-ABC, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine**

**Djilani, Ismael Chicoune, Elisabeth Lord Stewart and other John Doe's,** and jointly drafted, and or wrote and or executed and or forwarded a fraudulent September 14,2004 letter to plaintiff Jovanovic and Algeria Government.

63. **Defendants Arab Banking Corporation, Burlington Resources, Gulf Keystone, Donald Wilhelm, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** drafted and or wrote and or executed and or forwarded the fraudulent September 14, 2004 US-ABC letter to plaintiff Jovanovic, Genesis, Algeria Government and certain John Does.

64. **Defendants Arab Banking Corporation, Burlington Resources, Gulf Keystone, Donald Wilhelm, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired with (within DC and or other jurisdictions) and aided and abetted **defendant US-ABC, individual defendant Donald Wilhelm and other John Does,** and jointly drafted and or wrote and or approved to execute and or forwarded the fraudulent September 14, 2004 US-ABC letter to plaintiff Jovanovic, Genesis, Algeria Government and certain John Does.

65. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart and John Doe's** conspired (within DC and or other jurisdictions) and fraudulently represented within their September 14,2004 letter "that US-ABC legally and officially and as per US-ABC By-Laws executed and forwarded September 14,2004 offending letter, by its legally elected and legally empowered US-ABC Chairman (and other John Doe's)".

66. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart and John Doe's** conspired (within DC and or other jurisdictions) and fraudulently represented within their September 14,2004 letter that said September 14,2004 letter was officially drafted, written and forwarded to Algeria Government, plaintiff Jovanovic and John Doe's as a result of and through an "official vote of approval" by the US-ABC Board of Directors.

67. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart and John Doe's** conspired and fraudulently represented within their September 14,2004 letter "that US-ABC (officially or unofficially) consulted Mr.Al Zapanta, Mr.Richard Holmes. Mr.Lamine Djilani., Mr.Ali Jazzairy and Northrop Grumman corporation in an effort to learn if these individuals and entity had business or personal relations with Mr.Jovanovic".

68. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart and John Doe's** conspired and fraudulently represented within their September 14,2004 letter that "Mr.Al Zapanta, Mr.Richard Holmes. Mr.Lamine Djilani., Mr.Ali Jazzairy and Northrop Grumman corporation (officially or unofficially) denied to US-ABC that they had any business or personal relations with Mr.Jovanovic".

69. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within their September 14,2004 letter that plaintiff Jovanovic have "without authorization made certain significant misrepresentations, which reflect upon US-ABC, itself".

70. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within September 14,2004 letter that US-ABC Board of Directors have "officially concluded" that plaintiff Jovanovic has without authorization, made significant misrepresentations and done so in the manner which reflects on US-ABC itself.

71. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently

represented within September 14,2004 letter that <u>defendant Ali Jazzairy was and or still is associated with defendant US-ABC</u>.

**72. Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within September 14,2004 letter that plaintiff Jovanovic "<u>has an uneven history of his respect to obligations he has undertaken with regard to payment of certain moneys".</u>

**73. Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within September 14,2004 letter that on September 14,2004 "<u>plaintiff Jovanovic was an acting President of Genesis International Holdings".</u>

> **m.** <u>**Conspiracy to draft and forward Fraudulent E-Mail and attaching to said E-mail September 14,2004 fraudulent letter and than forward both to Algeria Government**</u>

**74.** On or about September 15,2004 **defendant Peggy Hewinson** in her individual and or other capacities, drafted and or wrote a fraudulent September 15,2004 e-mail, and or attached to said e-mail the September 14,2004 letter and or forwarded a September 15,2004 fraudulent e-mail, with attached September 14,2004 letter, to Algeria Government, plaintiff Jovanovic and other John Doe's.

**75.** On or about September 15,2004 **defendant Donald Wilhelm** in (a) his individual capacity and or (b) in his capacity as (alleged) Chairman of US-ABC), and or (c) in his capacity as Vice President and agent of Northrop Grumman, or in all (a)-(c) capacities as alleged within this paragraph aided and abetted **defendant Peggy Hewinson,** and jointly drafted and or wrote or provided all content for a fraudulent September 15,2004 e-mail, including text of the e-mail and the copy of the September 14,2004 letter.

**76.** On or about September 15,2004 **defendant Donald Wilhelm** in (a) his individual capacity and or (b) in his capacity as (alleged) Chairman of US-ABC), and or (c) in his capacity as Vice President and agent of Northrop Grumman, or in all (a)-(c) capacities

as alleged within this paragraph conspired with and aided and abetted defendant Peggy Hewinson, and directed and or ordered and or instructed **defendant Peggy Hewinson** to draft and or write or and or forward a fraudulent September 15,2004 e-mail, with its attached September 14,2004 letter to Algeria Government, plaintiff Jovanovic and John Doe's

77. From January , 2004 until September 15,2004 **defendants US-ABC, Arab Banking Corporation, Burlington Resources, Gulf Keystone, James Bailey, Lamine Djilani, and certain John Doe's** conspire and aid and abet **defendant Donald Wilhelm to  (a)** fraudulently win March 2004, US-ABC officers election as new Chairman of US-ABC **(b)** fraudulently enable and or empower Donald Wilhelm to continuously act in the capacity of Chairman of US-ABC. and **(c)** to fraudulently enable and or empower Donald Wilhelm to direct and or order and or instruct **defendant Peggy Hewinson** to draft and or write or and or forward a fraudulent September 15,2004 e-mail, with its attached September 14,2004 letter to Algeria Government, plaintiff Jovanovic and John Doe's.

78. On or about September 15,2004 **defendant US-ABC** conspired with and aided and abetted defendant Peggy Hewinson, and directed and or ordered and or instructed **defendant Peggy Hewinson, individually and or in her other capacities,** to draft and or write and or forward a fraudulent September 15,2004 e-mail, with its attached September 14,2004 letter to Algeria Government, plaintiff Jovanovic and John Doe's.

79. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within their September 15,2004 E-Mail and attached September 14,2004 letter "that Genesis/Jovanovic were expelled as members of US-ABC and or US-ABC Board of Directors, respectfully and further also fraudulently represented that plaintiff Jovanovic is a liar and financially irresponsible".

80. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently

represented within the attached September 14,2004 letter "that US-ABC executed and forwarded September 14,2004 offending letter, by its legally elected and legally empowered US-ABC Chairman (and other John Doe's)".

81. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within the attached September 14,2004 letter "that US-ABC (officially or unofficially) consulted Mr.Al Zapanta, Mr.Richard Holmes. Mr.Lamine Djilani., Mr.Ali Jazzairy and Northrop Grumman corporation in an effort to learn if these individuals and entity had business or personal relations with Mr.Jovanovic".

82. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within the attached September 14,2004 letter that "Mr.Al Zapanta, Mr.Richard Holmes. Mr.Lamine Djilani., Mr.Ali Jazzairy and Northrop Grumman corporation (officially or unofficially) denied to US-ABC that they had any business or personal relations with Mr.Jovanovic".

83. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within the attached September 14,2004 letter that plaintiff Jovanovic have "without authorization made certain significant misrepresentations, which reflect upon US-ABC, itself".

84. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within the attached September 14,2004 letter that US-ABC Board of Directors have "officially concluded" that plaintiff Jovanovic has without authorization, made significant misrepresentations and done so in the manner which reflects on US-ABC itself.

85. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within the attached September 14,2004 letter that plaintiff Jovanovic "has an uneven history of his respect to obligations he has undertaken with regard to payment of certain moneys".

86. **Defendants US-ABC, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conspired and fraudulently represented within the attached September 14,2004 letter that on September 14,2004 "plaintiff Jovanovic was an acting President of Genesis International Holdings".

### n. Plaintiff Jovanovic acts to protect his individual legal interests

87. Upon receiving a fraudulent letter and a copy of fraudulent E-mail, Mr.Jovanovic, hires a Law firm to protect his legal interests

88. September 2004, Jovanovic's Lawyer writes to US-ABC, requests reasons for attack against Jovanovic and put US-ABC on notice that he (the lawyer) is assisting plaintiff Jovanovic in assessing costs and damages caused by the attack and weighing all plaintiff Jovanovic legal options as result thereof.

### o. Algeria Government acts against plaintiff Jovanovic

89. September 15, 2004, Algeria Government received US-ABC September 14,2004 E-mail and immediately thereafter, learned from US-ABC that Mr.Jovanovic, has hired a Law firm which has threatened "legal proceeding" against US-ABC, whose Honorary President was Algeria Ambassador to United States.

90. September 16, 2004, Algeria Government ended all economic and or business and or contractual relationships with plaintiff Mr.Bob Jovanovic.

91. September 16, 2004 Algeria Government (Minister of Civil Works) announces in Algeria official newspaper that from September 16,2004 Algeria East West highway project is now being **"only"** developed by Europeans and the Asians.

**92.** September 24, 2004, Algeria Government through an official letter, named Mr.Jovanovic a persona Non-Grata on Algeria Premises.

**93.** On or about September 2004, Algeria Ambassador to United States instructs Algeria Consul in Washington DC, not to issue any more Visas for Mr.Jovanovic for any further entry into Country of Algeria.

**94.** On or about, October 2004, Algeria Consul denied issuance of a Visa to Plaintiff Jovanovic for any further entry into Algeria, and advised plaintiff Jovanovic he is no longer welcome in Algeria.

**95.** On or about Aril 2006, Algeria Government enters into a contract with an Asian Consortium, consisting of Chinese and Japanese companies, to implement Algeria East-West Highway project.

**96.** On or about March 2007, Algeria President Mr.Abdelaziz Bouteflika officially announces the start of construction on Algeria East-West project by Chinese and Japanese Consortium.

### p. Plaintiff Jovanovic suffers major emotional distress

**97.** Plaintiff Jovanovic is named persona-Non-Grata by Algeria Government at which time plaintiff Jovanovic suffers great emotional distress and also suffers major other health consequences, was committed to two weeks of hospital stay, has vomited every day for two weeks straight, was submitted to a multitude of medical tests, was put on major drug treatment for psychological problems, and was on a suicide watch for several days.

### CLAIMS

### First Claim for Relief

**Fraud, Misrepresentation and Deceit and Conspiracy to Defraud and Conspiracy to Misrepresent truth and Conspiracy to Deceit**

**98.** Plaintiff Jovanovic incorporates by reference each of the allegations in the preceding 1-96 paragraphs of this Complaint as though fully set forth here.

**99. In approximately September ,2004, defendants US-ABC,** Arab

Banking Corporation, Burlington Resources, Gulf Keystone, Donald Wilhelm, Peggy
Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth
Lord Stewart and other John Doe's, conspired and **fraudulently represented to
plaintiff Jovanovic that:**

    a.  Northrop Grumman and or its agent Mr.Donald Wilhelm and or Donald Wilhelm
individually <u>"is acting as a legal Chairman of US-ABC"</u>.

    b.  US-ABC executed and forwarded September 14,2004 (fraudulent) letter, by its
<u>"legally elected and legally empowered US-ABC Chairman"</u>.

    c.  <u>"US-ABC consulted"</u> Mr.Al Zapanta, Mr.Richard Holmes, Mr.Lamine Djilani.,
Mr.Ali Jazzairy and Northrop Grumman corporation in an effort to learn if these
individuals and entity had business or personal relations with Mr.Jovanovic.

    d.  Mr.Al Zapanta, Mr.Richard Holmes, Mr.Lamine Djilani., Mr.Ali Jazzairy and
Northrop Grumman corporation <u>"denied to US-ABC"</u> that they had any business or
personal relations with Mr.Jovanovic.

    e.  US-ABC has <u>"officially concluded"</u> that plaintiff Jovanovic has without
authorization, made significant misrepresentations and done so in the manner
which reflects on US-ABC itself.

    f.  US-ABC Board of Directors, drafted, wrote and or <u>through an official vote
approved of and directed and or empowered US-ABC Chairman</u> to execute and
forward a September 14,2004 (fraudulent) letter to plaintiff Jovanovic and Algeria
Government.

**100.**    When defendants US-ABC**,** Arab Banking Corporation, Burlington
Resources, Gulf Keystone, Donald Wilhelm, Peggy Hewinson, Ali Jazzairy, James
Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart and other John Doe's
made all or some of these representations they knew them to be false, and said
representations were made with intent to defraud and deceive plaintiff and third parties
and with the intent to induce plaintiff and third parties to act in the manner alleged
herein.

**101.**  At the time these representations were made by US-ABC, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Donald Wilhelm, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart and other John Doe's plaintiff Jovanovic was ignorant of the falsity of defendant US-ABC representation and believed them to be true.

**102.**  As a proximate result of defendants US-ABC's, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Donald Wilhelm, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart and other John Doe's fraudulent representation, as the facts herein alleged, plaintiff relied and believed that some or all defendant's representations were true and was induced by said fraudulent representations to immediately take certain action including to hire a lawyer, who threaten litigation against US-ABC and certain defendants, as part of plaintiffs legal effort to ascertain the reason for the attack against plaintiff Jovanovic.

**103.**  As a proximate result of defendant's fraudulent representations, including all acts as alleged herein, and plaintiff's reliance on same fraudulent representations which was followed by resulting plaintiffs threat of litigation against US-ABC its Chairman and certain other defendants, plaintiff Jovanovic has suffered damages as Algeria Government **(1)** named plaintiff Jovanovic a Persona Non-Grata on Country of Algeria premises and in Country of Algeria.

**104.**  As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages as a result of being **(2)** estopped and or precluded to further enter into Country of Algeria.

**105.**  As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages as a result of being **(3)** estopped and or  precluded to operate and  manage a Cultured stone and Decorative glass manufactured products distribution network, in the country of Algeria.

**106.**  As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages as a result of being **(4)** estopped and or precluded to exclusively or otherwise supply Cultured Marble and

Decorative Glass products to Algeria East-West Highway Project and any other customer in country of Algeria.

107.    As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages as a result of being          **(5)** estopped and or precluded to exclusively market sub-licensing rights of Sotrama owned construction materials technology in Algeria and was **(5a)** precluded to sell and install six Sotrama sub-licensed manufacturing plants in the Country of Algeria, valued at $2.1 Million each.

108.    As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages as a result of being          **(6)** estopped and or precluded to finalize transfer of his proprietary know-how, for development of major BOT/PPP projects, to Algeria Government and Genesis PPP,

109.    As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages as a result of being further **(7)** estopped and or precluded to finalize development of BOT/PPP architecture for Algeria East-West Highway system.

110.    As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages as a result of being          **(8)** estopped and or precluded to collect monetary and other restitution for all his time invested in developing the architecture for Algeria East West Highway.

111.    As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages as a result of being          **(9)** estopped and or precluded to collect monetary and other restitution for transferring his proprietary know-how in developing the BOT/PPP architecture for Algeria East West Highway.

112.    As a result of direct and proximate fraudulent and other conduct of defendants, plaintiffs have suffered, general and special pecuniary and non-pecuniary damages, in a form of direct loss of all direct project development financial investment, plaintiffs investments in time, money and exclusive rights in North Africa Construction

Materials Project and Algeria East-West Highway development in the type and amount to be proven at trial.

113.    In doing the acts herein alleged, defendant acted with oppression, fraud, and malice, and plaintiff is entitled to punitive and treble damages in the sum to be determined by the Jury of his peers.

## Second claim for Relief

**Tortuous Interference with Prospective Economic Relations, Tortuous Interference with Contractual Relations, and Tortuous Interference with Prospective Business Advantage**

**and**

**Conspiracy to Tortuously Interfere with Prospective Economic Relations Conspiracy to Tortuously Interfere with Contractual Relations and Conspiracy to Tortuously Interfere with Prospective Business Advantage**

114.    Plaintiff Jovanovic incorporates by reference each of the allegations in the preceding 1-113 paragraphs of this Complaint as though fully set forth here.

115.    Plaintiff Jovanovic had certain Economic Relations, Contractual Relations and certain Prospective business advantages with a North African corporate entity SOTRAMA, a US corporate entity GENESIS and a government of Algeria, through an Algeria/Genesis-Algeria East-West Highway development and operation partnership, the "PPP".

116.    Plaintiff Jovanovic has an expectancy in continuing advantageous economic relationships, Contractual relationships and prospective Business advantages (which all contained the probability of future economic benefit), with **(a)** North African entity SOTRAMA, **(b)** US entity GENESIS, **(c)** the country of Algeria Government and **(d)** an International Public Private Partnership, Algeria/Genesis-Algeria East-West Highway development and operation partnership PPP, as more precisely pleaded in paragraphs 1-113 of this complaint.

117.    Plaintiffs Jovanovic's economic and business relationships with **SOTRAMA** contained the probability of future economic benefit in the form of **(a)** finalizing the transfer of technology and constructing and managing six  additional SOTRAMA manufacturing plants , in the Country of Algeria, for manufacturing certain decorative

glass and cultured stone product lines, and **(b)** exclusively distributing all produced cultured stone and decorative glass product lines (in one Tunisia and six Algeria SOTRAMA plants), in the Country of Algeria.

118.   Plaintiff Jovanovic's relationships with **GENESIS** contained the probability of future economic benefit in the form of (a) monetary and other restitution to plaintiff for certain plaintiffs time and effort, while acting on behalf of his individual and Genesis interests in Country of Algeria, (b) monetary compensation in the form of increase in value in plaintiff's shares in Genesis.

119.   Plaintiff Jovanovic's relationships with **Algeria/Genesis-Algeria East-West Highway development and operation partnership PPP** contained the probability of future economic benefit in the form of **(a)** monetary and other compensation for transfer of know-how to PPP for development of BOT/PPP construction, financial and operational architecture for Algeria East-West Highway, **(b)** monetary and other compensation for his time while personally acting on development of the Algeria East-West Highway project **(c)** monetary compensation for selling cultured marble and stone product line to Algeria East-West Highway Project.

120.   Defendants **US-ABC, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Donald Wilhelm, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart and other John Doe's** conspired and engaged in unlawful and or wrongful and or fraudulent  conduct including a conspiracy where they all conspired to and jointly drafted, wrote and forwarded September 14,2004 letter and a September 15,2004 E-mail, to plaintiff Jovanovic and Algeria Government, as fully described in paragraphs 1-118 of this complaint.

121.   Defendants **US-ABC, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Donald Wilhelm, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart  and other John Doe's** conspiring fraudulent and other acts interfered with all plaintiff Jovanovic's Economic, Business and Contractual relations as well as certain plaintiff Jovanovic's Prospective Business advantage.

122.    Had all defendants refrained from engaging in the unlawful and wrongful and fraudulent conduct as described in paragraphs 1-120 of this complaint, there is a substantial probability that SOTRAMA,    GENESIS and Algeria    Government, individually    and    or    through    its    **Algeria/Genesis-Algeria East-West Highway development and operation partnership PPP,** would have continued, finalized and or performed on all its economic relations and or business and other agreements with plaintiff Jovanovic.

123.    Defendants knew or should have known about the existence of plaintiffs Economic, Business and Contractual relationships,as described in paragraphs 1-121 within this complaint, and knew or should have known that these relationships would be interfered with and disrupted if defendants conspired to and drafted, wrote, executed and forwarded September 14,2004 fraudulent letter and September 15,2004 fraudulent E-mail to Algeria Government and other John Doe's.

124.    As a result of all defendants fraudulent and other acts, all plaintiffs relationships, as described in  paragraphs 1-122 of this complaint, have been actually disrupted which ultimately caused (a) Algeria Government to contract with Asia based Chinese and Japanese Consortium instead of US based, plaintiff Jovanovic, (and Genesis and IIC Consortium), for developing the architecture and operating the Algeria East-West Highway Project, and (b) caused SOTRAMA and GENESIS not to enter into Country of Algeria market with assistance of plaintiff Jovanovic.

125.    As a result of direct and proximate fraudulent and other conduct of defendants, plaintiffs have suffered, general and special pecuniary and non-pecuniary damages, in a form of direct loss of all direct project development financial investment, plaintiffs investments in time and money in North Africa Construction Materials Project and Algeria East-West Highway in the type and amount to be proven at trial.

126.    In doing the acts herein alleged, defendant acted with oppression, fraud, and malice, and plaintiff is entitled to punitive damages in the sum to be determined by the Jury of his peers.

### **Third claim for Relief**

**Intentional Infliction of Emotional Distress, and**

### Conspiracy to Inflict Emotional Distress

**127.**   Plaintiff re alleges all allegations in 1-126.

**128.**   Defendants **US-Algeria Business Council, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of its fraudulent and other activity as fully described in paragraphs 1-126 of this complaint.

**129.**   Defendants **US-Algeria Business Council, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community,

**130.**   The actions of the defendants **US-Algeria Business Council, Donald Wilhelm, Arab Banking Corporation, Burlington Resources, Gulf Keystone, Peggy Hewinson, Ali Jazzairy, James Bailey, Lamine Djilani, Ismael Chicoune, Elisabeth Lord Stewart** were the cause of the plaintiff's distress.

**131.**   The emotional distress suffered by the plaintiff, before, during and after his hospitalization, was so severe and of such a nature that no reasonable person could be expected to endure it.

**132.**   As a result of conduct of defendants, plaintiffs have suffered, general and special pecuniary and non-pecuniary damages, in form of a physical trauma and bodily distress in the severity and amount to be proven at trial.

### **PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests the following relief against all defendants, Jointly and severely, as follows:

**133.**   For an award of damages, equal to all plaintiffs' losses of individual investment in time and money, which plaintiff incurred while developing (a) the Construction Materials projects in Algeria, and (b) while developing the architecture for Algeria

East-West Highway project, in an amount according to proof and determined by the Court.

**134.**   For an award of damages, equal to the loss of profits which would have been derived by plaintiff as a result from plaintiffs 8% ownership in a 30 year concession rights for operation of Algeria East-West Toll Highway project.

**135.**   For an award of damages, equal to the loss of plaintiff's compensation from transfer of his Know-How, which plaintiff transferred to Algeria Government/Genesis PPP, and in an amount according to proof and determined by the Court.

**130.** For an award of damages, equal to the loss of all profits which would have been derived by plaintiff from selling and establishing six SOTRAMA sub-Licensed manufacturing plants in Country of Algeria.

**131.** For an award of damages equal to the loss of all profits which would have been derived by plaintiff from sales of all SOTRAMA manufactured cultured stone and decorative glass construction materials to Algeria East-West Highway project.

**132.** For an award of treble, exemplary and punitive damages to the extent allowed by law and in an amount according to proof and determined by the Court.

**133.**   For attorneys' fees and costs of suit herein pursuant to statute or as otherwise may be allowed by law; and,

**134.**   For such other relief as this Court may deem just and proper.

## <u>JURY DEMAND</u>

**135.**   Pursuant to the Seventh Amendment to the Constitution of the United States, Rule 38(a) and (b) of the Federal Rules of Civil procedure, and similar provisions of any state of the United States which apply, plaintiffs Boban Jovanovic demands a trial by jury of all issues triable of right by a jury.

Dated this      day of     , 2007

Boban Jovanovic (Pro-Se)

## Service List

**PLAITIFF**

**Boban Jovanovic (Pro-Se)**
440 Magie av.
Elizabeth N.J. 07208
1-908-803-0293

**DEFENDANTS**

**Mr. Donald Wilhelm  (C/O Northrop Grumman Corporation)**
1580-a West Nursery Rd.
Lithicum, MD, 21090

**US Algeria Business Council**
2001 Jefferson Davis Hwy, suite 208
Arlington VA. 22202

**Arab Banking Corporation**
277 Park av.
N.Y. N.Y. 10172-3299

**Burlington Resources(C/O Conoco Philips)**
600 North Dairy Ashford
P.O. Box 2197
Houston TX 77252-2197

**Gulf Keystone  (C/O Appleby Corporate Services (Bermuda) Ltd**
Canon's Court
22 Victoria Street
Hamilton HM12
Bermuda

**Peggy Hewinson  (C/O Northrop Grumman, Information Technology Division)**
7975 Colshire dr.
McLean VA 22102

**Ali Jazzairy (C/O Northrop Grumman Corporation)**
1580-a West Nursery Rd.
Lithicum, MD, 21090

**James Bailey**
888 17th st. N.W..
Washington DC  20036

**Lamine Djilani**
2001 Jefferson Davis Hwy, suite 208
Arlington VA. 22202

**Ismael Chicoune**
2001 Jefferson Davis Hwy, suite 208
Arlington VA. 22202

**Elisabeth Lord Stewart**
2001 Jefferson Davis Hwy, suite 208
Arlington VA. 22202

*E-927*
*CKK*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** *Boban Jovanovic*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) *440 Magie av. Elizabeth N.J. 07208*
*Boban Jovanovic (Pro-Se)*

**DEFENDANTS** *US-Algerip Business Council*
*Donald Wilhelm, et al*
*DC*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TR

Case: 1:07-cv-00927
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/18/2007
Description: Pro Se Gen Civil

*JURY*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENS
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any assault of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☒ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☒ 370 Other Fraud
☒ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

*(11)*

| ☐ **G.** *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

Ⓧ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

CONSPIRACY, INTENTIONAL INFLICTION OF emotional DISTRESS, FRAUD, INTERFERENCE WITH PROSPECTIVE ECON. ADVANTAGE,

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** Ⓧ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction) Ⓧ YES ☐ NO   If yes, please complete related case form.   DISTRICT COURT OF N.J 05-CV-4467(CV)

DATE 5/17.07   SIGNATURE OF ATTORNEY OF RECORD

18

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.