ORIC.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

RECEIVED

SEP 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case No.   1:07-cv-00927

| | |
|---|---|
| Boban Jovanovic | ) |
| **Plaintiff** | ) |
| **vs.** | ) |
| | ) |
| US Algeria Business Council | ) |
| John Doe's | ) |
| **Defendants** | ) |
| | ) |

**FIRST AMMENDED COMPLAINT**

**FOR DAMAGES**

**AND DEMAND FOR JURY TRIAL**

**1.**  Fraud, Misrepresentation and Deceit and Conspiracy to Defraud  and Conspiracy to Fraudulently misrepresent the truth and Conspiracy to Deceit

**2.**  Tortuous Interference with Economic Relations and Tortuous Interference with Contractual Relations and Tortuous Interference with Prospective Business Advantage and Conspiracy to Tortuously Interfere with Economic relations, Conspiracy to Tortuously interfere with Contractual Relations and Conspiracy to Tortuously Interfere with Prospective Business Advantage

**3.** Defamation, Libel and Slander

**4.** Intentional Infliction of Emotional Distress, and Conspiracy to Inflict Emotional Distress

**5.** Injunctive and Declaratory Relief

1

## COMPLAINT

Comes now Plaintiff, Boban Jovanovic to allege against the defendants, jointly and severely, as follows:

### I.  PARTIES

1.  Plaintiff Bob Jovanovic is a US Citizen, domiciled in the State of New Jersey, an owner of certain technology and know how for manufacturing of decorative Glass and Cultured marble products. Plaintiff Jovanovic also owns proprietary know-how for development of Transportation and other major Infrastructure projects based on Build Operate Transfer/ Public Private Partnership (BOT/PPP) development architectures for major infrastructure projects.

2.  Defendant United States – Algeria Business Council (US-ABC) is an International business council, constituted in September 2002, as a District of Columbia 501(c)(4)/(6) non-profit corporation, for the purpose of developing closer economic and political ties between Countries of United States and Algeria. Since its inception, US-ABC had and still has substantial business activities and general presence in Washington DC, and thus District of Columbia, through various official events, business conferences, its board of Director meetings other official and non-official venues.

### II.  RELATED ACTIONS

3.  This case stems from a Federal District Court of New Jersey case 05-CV-4487 (DMC)

4.  Plaintiff Boban Jovanovic is also a plaintiff in Federal New Jersey District 05-CV-4487 (DMC) case.

5.  Original defendants in New Jersey District case are (1) Northrop Grumman Corporation, (2) Mr. Donald Wilhelm, (3) Ms. Peggy Hewinson, (4) US Algeria Business Council, (5) Sonatrach Corporation, (6)Halliburton Corporation (7) Boeing Corporation,(8) Anadarko Corporation, (9) Lockheed Martin (10) Amerada Hess Corporation,(11) Pfizer Corporation, (12) Tractabel Corporation (13) Textron Corporation, (14) Red-Med Corporation,(15)  British Petroleum Corporation, (16) Arab Banking Corporation, (17) Air Products Corporation, (18) Raytheon Corporation,

2

(19) General Electric Corporation, (20) Gulf Keystone Petroleum Corporation, (21) Burlington Resources Corporation, (22) Mr.Lamine Djilani, (23)Mr.Ali Djazairy, (24)Mr.Jim Bailey, (25) Dr. Ismael Chikhoune and (26) Ms.Elizabeth Lord Stewart.

6.  District Judge in New Jersey case 05-CV-4487 (DMC) ruled on April 27,2005 and May 01, 2005 (respectfully) that Federal District Court of New Jersey did not have Jurisdiction as to corporate and individual defendants (1) United States-Algeria Business Council (US-ABC), (2) Arab Banking Corporation, (3) Burlington Resources and (4) Gulf Keystone Corporation, (5) Donald Wilhelm, (6) Peggy Hewinson, (7) Ali Jazzairy, (8) James Bailey, (9) Lamine Djilani, (10) Ismael Chicoune and (11) Elisabeth Lord Stewart.

7.  District Judge also granted all other defendant's failure to state a claim motions to dismiss.

8.  Plaintiff timely filed an appeal as all to District Court Judges orders on November 14, 2006 under case number 06-3566.

9.  Third Circuit partially reversed District Court decisions on June 26,2007 as to defendant Northrop Grumman, thus reversing certain District Courts decisions which granted defendant Northrop Grumman's motion to dismiss.

10. Plaintiff Jovanovic timely filed a petition for rehearing as to other District Courts decision, which Third Circuit denied on August 08,2007.

11. Plaintiff and defendants are currently awaiting the Third Circuit mandate following Third Circuit August 08, 2007 decision.

### III.  JURISDICTION AND VENUE

12. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332, this being an action arising between parties domiciled in different states and foreign countries with the amount in controversy in excess of $75,000.

13. Venue is proper in the District of Columbia, pursuant to 28 U.S.C. § 1391(a)(2) where a Jurisdiction is founded in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred

14. Venue is proper in the District of Columbia, pursuant to 28 U.S.C. § 1391(a)(3)

where a Jurisdiction is founded in a judicial district in which any defendant is
a citizen and subject to jurisdiction at time the action is commenced.

**15.** US-ASBC is constituted as a DC non-profit corporation in September 2002, and is a
Citizen of DC.

### IV.   FACTUAL ALEGATIONS

#### a.   <u>Plaintiff Jovanovic owns certain technology and know how</u>

**16.** Plaintiff Jovanovic owns certain proprietary know-how or systems for development of
major Transportation and other Infrastructure projects based on a Build Operate
Transfer/Public Private Partnership concept (BOT/PPP).

**17.** Plaintiff Jovanovic also owns certain patents, technology and proprietary
manufacturing know how for manufacturing decorative glass product line.

**18.** Plaintiff Jovanovic also owns rights to certain know-how for manufacturing Cultured
stone product line.

#### b.   <u>Background of certain relevant business, economic and other relations.</u>

**19.** Plaintiff Jovanovic is also a shareholder an Honorary President and as per special need
an acting President of Genesis International Holdings ltd., (from now on "Genesis"), a
US, Delaware corporation.

**20.** Plaintiff Jovanovic is further also a shareholder and as per special need an acting
President of International Infrastructure Consortium ltd., (from now on "IIC"), a US,
Delaware corporation.

**21.** Plaintiff Jovanovic and IIC entered into an employment agreement as a result of
plaintiff Jovanovic activities on behalf of IIC.

**22.** Plaintiff Jovanovic and Genesis entered into an employment agreement as a result of
plaintiff Jovanovic activities on behalf of Genesis.

**23.** May 05, 2003, Algeria Government and Genesis execute an official LOI agreement,
**(Exhibit A)** through which:

a. Algeria Government and Genesis entered into a "Public Private Partnership", for the development and operation of the 1,200km, $7.3 Billion Dollars, Algeria Government/Genesis Algeria East-West Highway (from now on PPP) through which both entities agree to jointly cooperate in developing a detailed BOT project architecture solution for Algeria East – West Highway system and ultimately enter into a 30 year concession agreement for construction and operation of same.

b. Algeria Government granted Genesis the right to act on behalf of Algeria Government as part of their Public Private Partnership (PPP) in a "CENTRAL PROJECT MANAGEMENT" capacity, in all PPP activities related to development of detailed BOT project architecture solution for Algeria East-West Highway system.

24. From May 2003-September 2004, Genesis acted in its "CENTRAL PROJECT MANAGEMENT CAPACITY" and performed following acts:

a. Constituted and invested in necessary legal entity, the IIC, which was destined to act as an Algeria East-West Highway, project development and operational company.

b. Jointly sponsored and assisted in holding the Algeria East-West International project conference in Washington DC.

c. Jointly negotiated and drafted a certain legal and non legal documents, including drafting of the concession agreement for Algeria East-West project, etc.

d. Entered into certain agreements and or economic relations with plaintiff Jovanovic.

c. **Plaintiff Jovanovic owns certain expressed agreements, economic relations and prospective business advantage**

25. June 2000 plaintiff Mr.Bob Jovanovic, (in his individual capacity), entered into following expressed Licensing agreement/contract and economic relations, with a Tunisian entity, named Sotrama, to :

    a.  Transfer technology, construct, operate and manage a Cultured stone and Decorative glass Manufacturing Plants and its manufactured products distribution network, in the country of Algeria and elsewhere.

    b.  Exclusively own and market sub-licensing rights which allow plaintiff Jovanovic to sell and manage six additional Sotrama manufacturing plants in the Country of Algeria. (valued at $2.1 Million each)

26. Sotrama Agreement/Contract also provided certain rights and obligations to plaintiff Jovanovic through which plaintiff Jovanovic had certain economic relationships with SOTRAMA which provided Jovanovic the right to enter into additional expressed agreements in Algeria in construction material business.

27. May 2003 Algeria Government and Genesis, through their PPP central project management entity "Genesis", entered into an expressed agreement and or Economic and or Business relationships with plaintiff Jovanovic, through which plaintiff Jovanovic individually enjoyed contractual right and certain prospective Business advantage.

28. May 2003 Genesis, in its LOI granted capacity as "CENTRAL PROJECT **MANAGEMENT" entity, acts on behalf of Algeria Government and Genesis** itself, and executes an expressed agreement with plaintiff Jovanovic, (individually) through which Algeria Government/Genesis PPP and plaintiff Jovanovic expressly agree:

    a.  That plaintiff Jovanovic will transfer his proprietary know-how, for development of major BOT/PPP projects, to Algeria Government and Genesis, (the PPP), thus enabling Genesis and Algeria Government PPP to structure and finalize development of BOT/PPP architecture for Algeria East-West Highway system.

    b.  That, as payment for plaintiff Jovanovic services, Algeria Government and Genesis, individually and or through their PPP, agreed to compensate plaintiff Jovanovic for transfer of his know-how, and his other services by:

    i.  Granting plaintiff Jovanovic certain percentage of shareholder ownership in Algeria East-West Highway Concession agreement. (Algeria East West-Highway project).

    ii.  Granting plaintiff Jovanovic the exclusive right to lead the development of the architecture/management and further lead the effort, for management/oversight of Algeria East-West Toll Highway as part of said highways 30 year Toll Road Concession operation.

    iii.  Granting plaintiff Jovanovic a right to individually act as an exclusive supplier of all required cultured stone and decorative glass (Sotrama) materials used in construction of Algeria East-West Highway project rest areas, such as Hotels, Retail Shopping Centers, etc.

    iv.  Compensating plaintiff Jovanovic for all his time, while individually assisting Algeria/Genesis PPP in development of East-West project architecture, in monetary and other compensation.

**d.  Plaintiff Jovanovic, Genesis and Algeria Government jointly ascend towards execution of formal Algeria East-West Highway Concession agreement.**

**29.** From January 2003 and until September 2004, plaintiff Jovanovic, Algeria Government and Genesis jointly perform all agreed to activities (except final act of executing the East-West project Concession agreement) as part of their joint agreement to finalize the architecture for Algeria East-West Highway system and enter into a 30 year Concession agreement for said highway system.

**e.  Defendant United States-Algeria Business Council (US-ABC) is Godfathered by Algeria Ambassador to United States**

**30.** February 2002, Defendant US-ABC is godfathered and promoted by Algeria Ambassador to United States, Mr.Idriss Jazzairy, who is subsequently invited (in September 2002), by US-ABC Board to be an honorary President of US-ABC.

**31.** September 2002, Ambassador Jazzairy accepts the invitation by US-ABC and is during its first Board meeting officially named an Honorary President of US-ABC.

**32.** US-ABC is formed as an International Business Council and constituted for the purpose of achieving closer political and economic relationships between countries of Algeria and United States.

**33.** Additional invited founding members of US-ABC are comprised by some of most major US and Algerian, Defense, Aero Space, Engineering, Pharmaceutical and Petrol companies the like of Northrop Grumman, Raytheon, Halliburton, Pfizer, BP Petroleum, Sonatrach, etc.

**34.** US-ABC is constituted to act as a supporting umbrella organization for US-ABC members, designed to provide its members the ability to achieve unprecedented access to major Infrastructure business opportunities in Algeria through direct interaction at highest Ministerial levels of Algeria Government, as well as with His Excellency, Algeria President Mr.Abdelaziz Bouteflika.

### f. US-ABC is fraudulently constituted as a non-profit Social Welfare organization

**35.** In September 2002, defendant US-ABC is officially constituted as a District of Columbia corporation.

**36.** In September 2002, US-ABC approves its first By-Laws, and is fraudulently and illegally enacted and or registered with District of Columbia Government, as a non profit, 501(c)(4) Social Welfare Organization.

**37.** In September 2002, Plaintiff Jovanovic was unaware that US-ABC 501(c)(4), and subsequently 501(c)(6) non-profit status filings, were in fact fraudulent representations of US-ABC activities to District of Columbia Government and other John Doe's.

### g. US-ABC obtains knowledge of existence of certain plaintiff Jovanovic individual Algeria based agreements.

**38.** September 2002 During first US-ABC Board meeting plaintiff Jovanovic officially and unofficially presents to US-ABC, its present members and or other participating individuals and entities, his individual business activities as to his individual

8

construction materials sub-licensing and construction materials distribution business in Algeria.

39. June 2003, Genesis co-sponsors a Washington DC based Algeria East-West project conference, during which plaintiff Mr.Jovanovic is a key speaker, who officially and unofficially presents to US-ABC, its present members and other participating individuals and entities, his individual business activities as to Algeria East-West project and its supporting construction materials sub-licensing and distribution business in Algeria.

40. September 2003, US-ABC sponsors a dinner for Algeria President Mr.Abdelaziz Bouteflika, in New York City, during which Mr. Jovanovic as a key note speaker, officially and unofficially presents to Algeria President, US-ABC, its members, and other participating individuals and entities, his individual business activities as to Algeria East-West project and construction materials sub-licensing and distribution business in Algeria.

### h. US-ABC Lawyer acknowledges certain anomalies within US-ABC By-Laws as to election of US-ABC Officers

41. September 2002, US-ABC Board approves article III, section 4, "Voting Rights" of US-ABC By-Laws, which directs that "each individual member is entitled to one vote on each matter submitted to a vote of the members".

42. September 2002, US-ABC Board approves article III, section 7, "Notice of Meetings", of US-ABC By-Laws, which direct that "a notice of any (Election) meeting shall be delivered to all US-ABC members, no less than fifteen (15) days and no more than forty (40) days before such meeting".

43. September 2002, US-ABC Board approves article III, section 2, "Qualification of members", of US-ABC By-Laws, which directs that "lack of timely payment of membership dues" suspends membership right to participate in governance of the council (where council governance right, include voting rights in US-ABC officers elections)

44. December 2004, US-ABC Lawyer, defendant Mr.James Bailey warns than Chairman of US-ABC Mr.Zapanta that US-ABC By-Laws contain "several anomalies" with regard to election of officers" and accepts blame for drafting of same.

### i.US-ABC holds March 31,2004 Fraudulent elections

45. February 2004, US-ABC schedules an electronic election, for electing a new US-ABC Chairman and a new slate of US-ABC officers.

46. March 2004, US-ABC fraudulently noticed, only 26 out of total of 57 US-ABC members of scheduled March 2004, US-ABC officers election.

47. March 2004, US-ABC, held a fraudulent election for new US-ABC Chairman and new US-ABC slate of officers.

48. March 22,2004 US-ABC fraudulently announced that (a) 17 legal votes were cast and that (b) said 17 out of 57 votes constituted a required majority, necessary under US-ABC By-Laws to win the election.

49. March 20, 2004 US-ABC fraudulently announced that Northrop Grumman/Mr.Donald Wilhelm (new US-ABC Chairman) and their team have won the election.

### i.US-ABC fraudulently ratifies March 31,2004 Fraudulent election

50. June 2004, defendants US-ABC and certain John Doe's fraudulently ratified a fraudulent March 31, 2004 US-ABC election results.

### k.   US-ABC and John Does drafted and or wrote and forwarded September 14,2004 fraudulent and defamatory Letter to plaintiff Jovanovic and Algeria Government

51. September 2004 **defendant US-ABC** and John Does drafted and or wrote a fraudulent and defamatory September 14, 2004 US-ABC letter **(Exhibit B)** to plaintiff Jovanovic, Algeria Government and certain John Does.

52. September 2004 **defendant US-ABC** and John Does forwarded a fraudulent September 14, 2004 US-ABC letter to plaintiff Jovanovic.

53. September 2004 **defendant US-ABC** and John Does forwarded a fraudulent September 14, 2004 US-ABC letter to third parties (a) International Infrastructure

Consortium ltd., (b) Algeria Government, (c) Mr.Lies Goumiry (d) John Does (e) Mr.Nebojsa Solunac and Mr.Steve Kaufman as invited members of International Infrastructure Consortium, (f) members of the board and other members of US-ABC

54. **Defendant US-ABC** and John Does, fraudulently represented within its September 14,2004 letter "that US-ABC officially consulted Mr.Al Zapanta, Mr.Richard Holmes. Mr.Lamine Djilani., Mr.Ali Jazzairy and Northrop Grumman corporation in an effort to learn if these individuals and entity had business or personal relations with Mr.Jovanovic".

55. **Defendant US-ABC** and John Does fraudulently represented within its September 14,2004 letter that "Mr.Al Zapanta, Mr.Richard Holmes. Mr.Lamine Djilani., Mr.Ali Jazzairy and Northrop Grumman corporation denied to US-ABC that they had any business or personal relations with Mr.Jovanovic".

56. **Defendant US-ABC** and John Does fraudulently represented within its September 14,2004 letter that plaintiff Jovanovic have "without authorization made certain significant misrepresentations, which reflect upon US-ABC, itself".

57. **Defendant US-ABC** fraudulently represented within its September 14,2004 letter that defendant Ali Jazzairy was and or still is associated with defendant US-ABC.

58. **Defendant US-ABC** and John Does fraudulently represented within September 14,2004 letter that individual plaintiff Jovanovic "has an uneven history of his respect to obligations he has undertaken with regard to payment of certain moneys".

59. **Defendant US-ABC** and John Does fraudulently represented within September 14,2004 letter that on September 14,2004 "plaintiff Jovanovic was an acting President of Genesis International Holdings".

### l. US-ABC conspired with Northrop Grumman Corporation, (the defendant in related New Jersey District action), and aided and abetted Northrop Grumman employees to attach its September 14,2004 letter to September 15,2004 fraudulent E-Mail and forward said E-mail to Algeria Government and other above mentioned third parties.

60. On or about September 15 2004 **defendant US-ABC** and John Does conspired with and aided and abetted **Northrop Grumman Corporation employees, to attach US-**

**ABC** fraudulent September 14,2004 letter to Northrop Grumman corporations fraudulent E-mail to Algeria Government and John Does.

61. On or about September 15 2004 **defendant US-ABC** and John Does conspired with and aided and abetted **Northrop Grumman Corporation employees, to forward US-ABC** fraudulent September 14,2004 letter as an attachment to Northrop Grumman corporation September 15, 2004 e-mail. **(Exhibit C)**

62. On or about September 15 2004 **defendant US-ABC** and John Does conspired with and aided and abetted **Northrop** Grumman Corporation employees and jointly participated in forwarding a September 14,2004 letter and September 15,2004 E-Mail to Algeria Government and third parties (a) International Infrastructure Consortium ltd., (b) Algeria Government, (c) Mr.Lies Goumiry (d) John Does (e) Mr.Nebojsa Solunac and Mr.Steve Kaufman as invited members of International Infrastructure Consortium, ( f) IIC and (g) Genesis.

## m. Plaintiff Jovanovic acts to protect his individual legal interests

63. Upon receiving a fraudulent letter and a copy of fraudulent E-mail, plaintiff Mr.Jovanovic, hires a Law firm to protect his legal interests

64. September 2004, Jovanovic's Lawyer writes a demand letter to US-ABC, requests explanations and or reasons for attack against plaintiff Jovanovic and put US-ABC on notice that he (the lawyer) is assisting plaintiff Jovanovic in assessing costs and damages caused by the attack and also assisting plaintiff Jovanovic in weighing all plaintiff Jovanovic legal options as result thereof.

## n. Algeria Government acts against plaintiff Jovanovic

65. September 15, 2004, Algeria Government received a joint US-ABC and Northrop Grumman September 14,2004 E-mail with attached copy of joint US-ABC and Northrop Grumman September 14, 2004 letter.

66. September 16, 2004, Algeria Government relied on received a joint US-ABC/Northrop Grumman September 14,2004 letter and joint Northrop Grumman/US-ABC September 15,2004 E-mail and immediately permanently suspends all economic and or business and or contractual relationships with plaintiff Mr.Bob Jovanovic.

67. September 16, 2004 Algeria Government (Minister of Civil Works) relied on US-ABC September 14,2004 letter and immediately announces in Algeria official newspaper that from September 16,2004 Algeria East West highway project is now being **"only"** developed by Europeans and the Asian (entities).

68. September 24, 2004 Algeria Government receives a copy, from Northrop Grumman, of plaintiff Jovanovic lawyers demand letter.

69. September 24, 2004, Algeria Government relied on received copy of September 24, 2004 demand letter and through an official letter, named Mr.Jovanovic a persona Non-Grata on Algeria Premises.

70. On or about September 2004, Algeria Ambassador to United States instructs Algeria Consul in Washington DC, not to issue any more Visas for Mr.Jovanovic for any further entry into Country of Algeria.

71.    On or about, October 2004, Algeria Consul relied on US-ABC September 14,2004 letter and denied issuance of a Visa to Plaintiff Jovanovic for any further entry into Algeria, and advised plaintiff Jovanovic he is no longer welcome in Algeria.

### o. **Plaintiff Jovanovic suffers major emotional distress**

72. September 2004, plaintiff Jovanovic receives a certain offending e-mail and a certain offending letter from Northrop Grumman, US-ABC and certain John Does and suffers great emotional distress, an anxiety attack and begins feeling nauseous.

73. September 2004, Plaintiff Jovanovic is named persona-Non-Grata by Algeria Government and immediately suffers great emotional distress, an anxiety attack and continues feeling nauseous.

74. October 2004, plaintiff Jovanovic continuously feels nauseous

75. November 2004-March 2005 Mr.Jovanovic is continuously under medical treatment for anxiety and nauseous feeling.

76. March 2005, after learning that Algeria President officially announced it is now internally developing the Algeria East-West Highway, plaintiff Jovanovic's anxiety and nauseous feelings peak, and he is committed to two weeks of hospital stay, has

vomited every day for two weeks straight, was submitted to a multitude of medical tests, was put on major drug treatment, and was on a suicide watch for several days.

## CLAIMS

### First Claim for Relief

### Fraud, Misrepresentation and Deceit and Conspiracy to Defraud and Conspiracy to Misrepresent the Truth and Conspiracy to Deceit

77. Plaintiff re-alleges and incorporates by reference each of the allegations in the preceding 1-76 paragraphs of this Complaint as though fully set forth here.

78. September ,2004, defendant US-ABC, fraudulently represented to    plaintiff Jovanovic that:

    a.    Northrop Grumman and or its agent Mr.Donald Wilhelm "is acting as a legal Chairman of US-ABC".

    b.    US-ABC executed and forwarded September 14,2004 (fraudulent) letter, by its "legally elected and legally empowered US-ABC Chairman".

    c.    "US-ABC consulted" Mr.Al Zapanta, Mr.Richard Holmes, Mr.Lamine Djilani., Mr.Ali Jazzairy and Northrop Grumman corporation in an effort to learn if these individuals and entity had business or personal relations with Mr.Jovanovic.

    d.    Mr.Al Zapanta, Mr.Richard Holmes, Mr.Lamine Djilani., Mr.Ali Jazzairy and Northrop Grumman corporation "denied to US-ABC" that they had any business or personal relations with Mr.Jovanovic.

    e.    US-ABC Board has "officially concluded" that plaintiff Jovanovic has without authorization, made significant misrepresentations and done so in the manner which reflects on US-ABC itself.

    f.    US-ABC Board of Directors, drafted, wrote and or through an official vote approved of and directed and or empowered US-ABC Chairman to execute and forward a September 14,2004 (fraudulent) letter to plaintiff Jovanovic and Algeria Government.

14

79. When defendant US-ABC made all or some of these representations it knew them to be false, and said representations were made with intent to defraud and deceive plaintiff and third parties and with the intent to induce plaintiff and third parties to act in the manner alleged herein.

80. At the time these representations were made by US-ABC plaintiff Jovanovic was ignorant of the falsity of defendant US-ABC representation and believed them to be true.

81. As a proximate result of defendants US-ABC's fraudulent representation, as factually alleged herein, plaintiff relied and believed that some or all defendant's representations were true and was induced by said fraudulent representations to immediately take certain action including to hire a lawyer, who threaten litigation against US-ABC and certain defendants, as part of plaintiffs legal effort to ascertain the reason for the attack against plaintiff Jovanovic.

82. As a proximate result of defendant's US-ABC fraudulent representations, and plaintiff's reliance on same fraudulent representations plaintiff Jovanovic suffered damages when Algeria Government (1) named plaintiff Jovanovic Persona Non-Grata on Country of Algeria premises and in Country of Algeria.

83. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic suffered damages when (2) estopped and or precluded to further enter into Country of Algeria.

84. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages when (3) estopped and or precluded to operate and  manage a Cultured stone and Decorative glass manufactured products distribution network, in the country of Algeria.

85. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages when (3) estopped and or precluded to perform on its employment contracts with IIC and assist IIC to finalize the development of Abidjan Urban Train project.

86. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages when (4) estopped and or precluded to exclusively or otherwise supply Cultured Marble and Decorative Glass products to Algeria East-West Highway Project and any other customer in country of Algeria.

87. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages when (5) estopped and or precluded to exclusively market sub-licensing rights of Sotrama owned construction materials technology in Algeria and when (5a) precluded to sell and install six Sotrama sub-licensed manufacturing plants in the Country of Algeria, valued at $2.1 Million each.

88. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages when (6) estopped and or precluded to finalize transfer of his individually held proprietary know-how, for development of major BOT/PPP projects, to Algeria Government and Genesis Public Private Partnership (PPP).

89. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages when (7) estopped and or precluded to finalize development of BOT/PPP architecture for Algeria East-West Highway system.

90. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages when (8) estopped and or precluded to collect monetary and other restitution for all his time invested in developing the architecture for Algeria East West Highway and Abidjan Urban Train projects.

91. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages when (9) estopped and or precluded to collect monetary and other restitution for transferring his proprietary know-how in developing the BOT/PPP architecture for Algeria East West Highway and Abidjan Urban Train projects.

92. As a proximate result of defendant's fraud and deceit and resulting plaintiff's acts in reliance thereof, plaintiff Jovanovic has suffered damages when **(10)** estopped and or precluded to perform on his employment contract agreements with Genesis and IIC.

93. As a result of direct and proximate fraudulent and other conduct of defendants, plaintiffs have suffered, general and special pecuniary and non-pecuniary damages, in a form of direct loss of all direct project development financial investment, plaintiffs investments in time, money and exclusive rights in North Africa Construction Materials Project, Algeria East-West Highway development and Abidjan Urban Train development in the type and amount to be proven at trial.

94. In doing the acts herein alleged, defendant acted with oppression, fraud, and malice, and plaintiff is entitled to punitive and treble damages in the sum of $6.2 Billion US Dollars or any other amount to be determined by the Jury of his peers.

### Second claim for Relief

**Tortuous Interference with Prospective Economic Relations, Tortuous Interference with Contractual Relations, and Tortuous Interference with Prospective Business Advantage and**

**Conspiracy to Tortuously Interfere with Prospective Economic Relations Conspiracy to Tortuously Interfere with Contractual Relations and Conspiracy to Tortuously Interfere with Prospective Business Advantage**

95. Plaintiff re-alleges and incorporates by reference each of the allegations in the preceding 1-94 paragraphs of this Complaint as though fully set forth here.

96. Plaintiff Jovanovic had certain Economic Relations, Contractual Relations and certain Prospective business advantages as fully set within 1-95 paragraphs of this complaint, with a North African corporate entity SOTRAMA, a US corporate entity IIC, US corporate entity GENESIS and government of Algeria, through an Genesis/Algeria East-West Highway development and operation partnership, the "PPP".

97. Plaintiff Jovanovic had an expectancy in continuing advantageous economic relationships, Contractual relationships and prospective Business advantages (which all contained the probability of future economic benefit), with **(a)** North African entity SOTRAMA, **(b)** US entities GENESIS and IIC, **(c)** the country of Algeria Government

and **(d)** an International Public Private Partnership, Algeria/Genesis-Algeria East-West Highway development and operation partnership PPP, as more precisely pleaded in paragraphs 1-113 of this complaint.

**98.** Plaintiffs Jovanovic's economic and business relationships with **SOTRAMA** contained the probability of future economic benefit in the form of **(a)** finalizing the transfer of technology and constructing and managing six additional SOTRAMA manufacturing plants , in the Country of Algeria, for manufacturing certain decorative glass and cultured stone product lines, and **(b)** exclusively distributing all produced cultured stone and decorative glass product lines (in one Tunisia and six Algeria SOTRAMA plants), in the Country of Algeria.

**99.** Plaintiff Jovanovic's relationships with **GENESIS and IIC** contained the probability of future economic benefit in the form of (a) monetary and other restitution to plaintiff for certain plaintiffs time and effort, while acting on behalf of his individual and Genesis and IIC interests Countries of Algeria and Ivory Coast, (b) monetary compensation in the form of increase in value in plaintiff's shares in Genesis and IIC.

**100.** Plaintiff Jovanovic's relationships with **Algeria/Genesis-Algeria East-West Highway development and operation partnership (PPP)** contained the probability of future economic benefit in the form of **(a)** monetary and other compensation for transfer of know-how to PPP for development of BOT/PPP construction, financial and operational architecture for Algeria East-West Highway, **(b)** monetary and other compensation for his time while individually acting on development of the Algeria East-West Highway project **(c)** monetary compensation for selling cultured marble and stone product line to Algeria East-West Highway Project.

**101.** Defendant **US-ABC** conspired and engaged in unlawful and or wrongful and or fraudulent conduct including a conspiracy where it conspired with Northrop Grumman corporation and jointly drafted, wrote and forwarded September 14,2004 letter and a September 15,2004 E-mail, to plaintiff Jovanovic and Algeria Government, as fully described in preceding 1-100 paragraphs of this complaint.

**102.** Defendant **US-ABC** conspiring fraudulent and other acts as fully described in preceding 1-101 paragraphs of this complaint interfered with all plaintiff Jovanovic's

Economic, Business and Contractual relations as well as certain plaintiff Jovanovic's Prospective Business advantage.

**103.**    Had defendant US-ABC refrained from engaging in the unlawful and wrongful and fraudulent conduct as described in paragraphs 1-120 of this complaint, there is a substantial probability that SOTRAMA,  GENESIS, IIC and Algeria  Government, individually  and  or  through  its  **Algeria/Genesis-Algeria  East-West  Highway development and operation partnership PPP,** would have continued, finalized and or performed on all its economic relations and or business and other agreements with plaintiff Jovanovic.

**104.**    Defendant US-ABC knew or should have known about the existence of plaintiffs Economic, Business and Contractual relationships, as described in paragraphs 1-100 within this complaint, and knew or should have known that these relationships would be interfered with and disrupted if defendants conspired to and drafted, wrote, executed and forwarded September 14,2004 fraudulent letter and September 15,2004 fraudulent E-mail to Algeria Government, other persosn and entities as fully alleged in preceding paragraphs 1-103 of this complaint and certain other John Doe's.

**105.**    As a result of defendants US-ABC fraudulent and other acts, all plaintiffs relationships, as described in  paragraphs 1-104 of this complaint, have been actually disrupted which ultimately caused (a) Algeria Government to contract with Asia based Chinese and Japanese Consortium instead of US based, plaintiff Jovanovic, (and Genesis and IIC Consortium), for developing the architecture and operating the Algeria East-West Highway Project, (b) caused SOTRAMA and GENESIS not to enter into Country of Algeria market with assistance of plaintiff Jovanovic and (c) Caused IIC and Genesis not to perform on its Employment agreement with plaintiff Jovanovic.

**106.**    As a result of direct and proximate fraudulent and other conduct of defendants, plaintiffs have suffered, general and special pecuniary and non-pecuniary damages, in a form of direct loss of all direct project development financial investment, plaintiffs investments in time and money in North Africa Construction Materials Project and Algeria East-West Highway in the amount of $6.2 Billion Dollars or any other amount to be determined by the Jury of his peers.

**107.**    In doing the acts herein alleged, defendant acted with oppression, fraud, and malice, and plaintiff is entitled to punitive damages in the amount of $6.2 Billion Dollars or any other amount to be determined by the Jury of his peers.

### Third claim for Relief

### Defamation, Libel and Slander

**108.**    Plaintiff re-alleges and incorporates by reference each of the allegations in the preceding 1-107 paragraphs of this Complaint as though fully set forth here.

**109.**    On or about September 14-15,2004, defendant US-ABC conspired with and aided and abetted by Northrop Grumman aided and abetted in and or wrote and published a defamatory letter **(Exhibit B)** and defamatory E-mail **(Exhibit C)** stating that (a) plaintiff Jovanovic has made significant misrepresentations and (b) plaintiff Jovanovic is financially irresponsible.

**110.**    The September 14, 2004 letter and September 15,2004 e-mail referred to plaintiff by name, was made of and concerning plaintiff, and was so understood by those who read the September 14, 2004 letter and September 15,2004 e-mail.

**111.**    The entire statements, **(a)** "*It is our conclusion that __you__ have, without authorization, apparently made significant misrepresentations and done so in a manner that reflects on the US-ABC itself*" and **(b)** "*All of this is done in the context of an uneven history of your respect of the obligations __you__ have from time to time undertaken with regards to payment of certain moneys*" and **(c)** *We use the word inappropriate because each of those we have consulted denies any business and personal relations with Genesis or with you as an individual*'" are false as it pertains to individual plaintiff Jovanovic.

**112.**    The September 14,2004 letter and September 15,2004 e-mail are libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule and obloquy because it charges plaintiff with being dishonest and being financially irresponsible.

**113.**    The September 14,2004 letter, and September 15,2004 e-mail, were seen and read on or about September 14-15, 2004 (and or on the later date) by Algeria Government, Mr.Lies Goumiry, Messrs. Steve Kaufman and Nebojsa Solunac and IIC Corporation,

Northrop Grumman Corporation, members of US-ABC Board of Directors and other unknown at present time persons and entities.

114. As a proximate result of the above described publications, plaintiff has suffered (a) loss of his reputation, (b) losses of his investments of time and money, (c) loss of his employment contractual rights (d) loss of his contractual rights with Genesis/Algeria PPP for development of Algeria east-West Toll Highway (e) loss of his contractual relations with Sotrama for development of Algeria Construction materials manufacturing and distribution network (f) losses of his Business advantages in Algeria and elsewhere (g) losses of Economic relationships in Algeria and elsewhere (h) losses of his health and (i) losses of his standing in his community and with his friends and business associates in the total amount of $ 6.2 Billion Dollars

115. The above-described publication was not privileged because it was published by defendant with malice, hatred and ill will toward plaintiff and the desire to injure him. Because of defendants' malice in publishing, plaintiff seeks treble punitive damages in the total amount of $18.6 Billion.

116. WHEREFORE, plaintiff demands judgment against defendant US-ABC for (a) Compensatory damages according to proof (b) Punitive damages (c) Interest as allowed by law; (d) Costs of suit; and (e) Such other and further relief as this court may deem just and proper.

### Fourth claim for Relief
### Intentional Infliction of Emotional Distress, and
### Conspiracy to Inflict Emotional Distress

117. Plaintiff re-alleges and incorporates by reference each of the allegations in the preceding 1-116 paragraphs of this Complaint as though fully set forth here.

118. **Defendant US-Algeria Business Council** intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of its fraudulent and other activity as fully described in paragraphs 1-126 of this complaint.

119.    **Defendant US-Algeria Business Council** conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community,

120.    The action of the defendants **US-Algeria Business Council** was the cause of the plaintiff's distress.

121.    The emotional distress suffered by the plaintiff at the time and immediately after receiving and reading the defendants US-ABC September 14,2004 letter was so severe and of such nature that no reasonable person could be expected to endure it.

122.    As a result of conduct of defendants, plaintiffs have suffered, general and special pecuniary and non-pecuniary damages, in form of a physical trauma and bodily distress in the severity and amount to be proven at trial.

### Fifth claim for Relief

### Injunctive and Declaratory Relief

123.    Plaintiff re alleges and incorporates by reference each of the allegations in the preceding 1-122 paragraphs of this Complaint as though fully set forth here.

124.    As a direct and proximate result of the foregoing conduct as described herein, plaintiffs have sustained and will continue to sustain irreparable damage to their reputation and their business and have no adequate remedy at law to prevent repeated, unfounded, interference with their business relationships by defendants.

125.    Therefore, plaintiffs are entitled to an injunction, enjoining defendants and its officers, agents, directors, employees, licensees and all other persons acting by, through, or in concert with other defendants, from engaging in further libelous and slanderous acts which would damage plaintiff Boban Jovanovics business and personal reputation.

126.    Further plaintiffs seek declaratory relief, in form of

a.    Official letter of retraction, on all allegations, (as set forth in offending September,15,2004 letter and e-mail), to be executed by all defendants, in this action, and once executed, for said retraction to be forwarded to all recipients of September,15,2004 offending correspondence, via e-mail and

hard copy.

**b.** Official letter of apology to individual plaintiff Jovanovic, apologizing for all acts against Jovanovic, which led to filing of this legal action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief against all defendants, Jointly and severely, as follows:

**127.** Plaintiff re alleges all allegations in 1-126.

**128.** For an award of damages, equal to all plaintiffs' losses of individual investment in time and money, which plaintiff incurred while developing (a) the Construction Materials projects in Algeria, and (b) while developing the architecture for Algeria East-West Highway project, in an amount according to proof and determined by the Court.

**129.** For an award of damages, equal to the loss of plaintiff's compensation from transfer of his Know-How, which plaintiff transferred to Algeria Government/Genesis PPP, and in an amount according to proof and determined by the Court.

**130.** For an award of damages, equal to the loss of profits which would have been derived by plaintiff as a result from plaintiffs 9 ½ % ownership in a 30 year concession rights for operation of Algeria East-West Toll Highway project.

**126.** For an award of damages, equal to the loss of all profits which would have been derived by plaintiff from his employment agreements with Genesis and IIC.

**127.** For an award of damages, equal to the loss of all profits which would have been derived by plaintiff from selling and establishing six SOTRAMA sub-Licensed manufacturing plants in Country of Algeria.

**128.** For an award of damages equal to the loss of all profits which would have been derived by plaintiff from sales of all SOTRAMA manufactured cultured stone and decorative glass construction materials to Algeria East-West Highway project.

**129.** For an award of treble, exemplary and punitive damages to the extent allowed by law and in an amount according to proof and determined by the Court.

130. For attorneys' fees and costs of suit herein pursuant to statute or as otherwise may be allowed by law; and,

131. For a letter of apology and a retraction letter as fully described in Claim five within this complaint.

132. For such other relief as this Court may deem just and proper.

## JURY DEMAND

135.    Pursuant to the Seventh Amendment to the Constitution of the United States, Rule 38(a) and (b) of the Federal Rules of Civil procedure, and similar provisions of any state of the United States which apply, plaintiffs Boban Jovanovic demands a trial by jury of all issues triable of right by a jury.

Dated this 10th day of September, 2007

Boban Jovanovic (Pro-Se)


## Service List


### PLAITIFF

**Boban Jovanovic (Pro-Se)**
440 Magie av.
Elizabeth N.J. 07208
1-908-803-0293

### DEFENDANT

**US Algeria Business Council**
2001 Jefferson Davis Hwy, suite 208
Arlington VA. 22202
1-703 418 4150

A

09 15/2004   16:13    418                NORTHROP GRUMMAN                PAGE  02/02

# US·Algeria Business Council

14 September 2004

Mr. Robert Jovanovic
President
Genesis International Holdings Ltd.
20 Commerce Drive, Suite #126
Cranford, NJ 07016

Dear Mr. Jovanovic:

By this letter, we are requesting that you immediately withdraw your company from membership in the United States-Algeria Business Council (US-ABC). Upon receipt of your notice of withdrawal, we will have sent to you a check in the amount of one thousand, five hundred dollars ($1,500). That will constitute repayment of the amount you have paid into the US-ABC this year, as payment of what you believe to be Genesis appropriate dues for the calendar year 2004. If you wish to expedite repayment, we ask that you send us your notice of withdrawal via facsimile, original mailed, and we will mail the check upon receipt of your facsimile.

We make this request based on some of Genesis promotional materials as well as other documents you have provided to me. In these materials, Genesis appears to inappropriately claim some manner of affiliation with a number of individuals and entities that are or were members of the US-ABC, as well as individuals who are or were formally associated with the US-ABC. We use the word "inappropriate" because each of those named with whom we have consulted denies any business or personal relationship with Genesis or with you as an individual. These individuals and entities with whom we have consulted include Al Zapanta and Richard Holmes, the former Chairman and President, respectively, of the US-ABC, US-ABC Vice Chairman Lamine Djilani, Ali Jazairy, son of the incumbent Algerian Ambassador to the United States, and the Northrop Grumman Corporation. It is our conclusion that you have, without authorization, apparently made significant misrepresentations and done so in a manner that reflects on the US-ABC, itself.

These apparent misrepresentations compel us, absent your voluntary withdrawal, to seek a resolution of the membership expelling Genesis from the organization. All of this is done in the context of an uneven history of your respect of the obligations you have, from time to time, undertaken with regard to payment of certain monies.

Sincerely,

Donald C. Wilhelm, Jr.
Chairman, US-Algeria Business Council

2121 Crystal Drive          Suite 104A          Arlington, VA 22202

B

De :  Hewinson, Peggy A. <peggy.hewinson@ngc.com>

Envoyé :  mercredi 15 septembre 2004 21:41:50

A  Benamar Berrouayel <berrouayel@sonatrach.nl>, "Cheryl S. Steele" <c.steele@future-pipe.com>, "Craig Johnstone (E-mail)" <craig.johnstone@boeing.com>, "Wilhelm, Donald C." <donald.wilhelm@ngc.com>, "Dr. Lies Goumiri" <lgoumiri@hotmail.com>, "Dr. Merouane M. Sadat" <mmsadat@sadat.com>, "Dr. William F. Whitsitt" <wfwhitsitt@aol.com>, "Elizabeth A. Reicherts" <reicheea@bp.com>, "Gregory M. Pensabene" <greg_pensabene@anadarko.com>, "Idriss Jazairy (E-mail)" <ijazairi@aol.com>, "James H. Bailey" <jim.bailey@verizon.net>, "James L. Jamerson" <james.l.jamerson@lmco.com>, "John B. Hess" <JBHess@Hess.com>, "Lamine Djilani (E-mail)" <jvitek@tlngna.com>, Jungsoon Noh <jungsoon.noh@pfizer.com>, Julie Vitek <ldjnyc@att.net>, "Lt. General Charles E. Dominy" <chuck.dominy@halliburton.com>, Marise Stewart <mstewart@dc.textron.com>, Mohammed Fechkeur <medmed@algeria.datamarine.net>, Robert Ivosevich <robert.ivosevich@arabbanking.com>, Robert Lindsay <mooltzman@na.ko.com>, "Ronald Shepard" <sheppare@apci.com>, "Ronald W. Hofer" <andante15@earthlink.net>, Russell King <rking@joneswalker.com>, Tarek Sherlala <tarek.sherlala@arabbanking.com>, "Thomas E. McCoy" <thomas_e_mccoy@raytheon.com>, "Timothy J. Richards" <Tim.Richards@corporate.ge.com>, Tod Kozel <tkozel@texaskeystone.com>

Cc :  "Wilhelm, Donald C." <donald.wilhelm@ngc.com>, USABC@arabia.com

Objet :  Genesis International Holdings Ltd.

Pièces jointes :  Genesiswithdrawalletter.doc (0.03 Mo)

To All Board Members,

Please be advised, per the attached letter, that Genesis International
Holdings
Ltd. has been expelled from US ABC membership.

Respectfully,
Peggy Hewinson
Operations Manager, Airspace Management Systems
Northrop Grumman Corporation
email :  peggy.hewinson@ngc.com
phone:  410.993.6183
fax:  410.865.5857

<<Genesis withdrawal letter.doc>>

19 septembre 2004

Mr. Robert Jovanovic
President
Genesis International Holdings Ltd.
20 Commerce Drive, Suite #126
Cranford, NJ  07016

Dear Mr. Jovanovic:

By this letter, we are requesting that you immediately withdraw your company from
membership in the United States-Algeria Business Council (US-ABC).  Upon receipt of your

notice of withdrawal. we will have sent to you a check in the amount of one thousand, five hundred dollars ($1,500). That will constitute repayment of the amount you have paid into the US-ABC this year, as payment of what you believe to be Genesis appropriate dues for the calendar year 2004. If you wish to expedite repayment, we ask that you send us your notice of withdrawal via facsimile, original mailed, and we will mail the check upon receipt of your facsimile.

We make this request based on some of Genesis promotional materials as well as other documents you have provided to me. In these materials, Genesis appears to inappropriately claim some manner of affiliation with a number of individuals and entities that are or were members of the US-ABC, as well as individuals who are or were formally associated with the US-ABC. We use the word "inappropriate" because each of those named with whom we have consulted denies any business or personal relationship with Genesis or with you as an individual. These individuals and entities with whom we have consulted include Ali Zaoune and Richard Holmes, the former Chairman and President, respectively, of the US-ABC, the AFC Vice Chairman Lamine Djilani, Ali Jazairy, son of the incumbent Algerian Ambassador to the United States, and the Northrop Grumman Corporation. It is our conclusion that you have, without authorization, apparently made significant misrepresentations and done so in a manner that reflects on the US-ABC, itself.

These apparent misrepresentations compel us, absent your voluntary withdrawal, to seek a resolution of the membership expelling Genesis from the organization. All of this is done in the context of an uneven history of your respect of the obligations you have, from time to time, undertaken with regard to payment of certain monies.

Sincerely,


Donald C. Wilhelm, Jr.
Chairman, US-Algeria Business Council